## B & R LUMBER AND TRUSS COMPANY, et al., Plaintiffs–Respondents,

v.

## TWO K INVESTMENT, INC., et al., Defendants–Appellants.

### Nos. 70749, 70785.

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 1997.

Spencer P. Desai, Campbell & Coyne, P.C., St. Louis, Marvin Klamen, Law Offices of Marvin Klamen, Clayton, for Appellant.

Curtis, Oetting, Heinz, Garrett & Soule, P.C., J. Patrick Chassaing, Elaine M. Walsh, Clayton, Attorneys for Hill–Behan Lumber Co.

Helfrey, Simon & Jones, Evelyn L. Mehler, Clifford Goetz, Clayton, Attorneys for B & R Lumber and Truss Co.

Law Offices of Gregory Luzecky, Gregory Luzecky, St. Louis, Attorney for Archway Kitchen & Bath, Inc., Scott–Lee Heating Co. and Michael T. Bruner.

Dubail Judge, William Sitzer, St. Louis, Atty. for Gateway Ready Mix, Inc.

Leyhe, Meyer, Leyhe & Lobel, William H. Leyhe, III, St. Louis, for respondent.

Before CRAHAN, P.J. and GRIMM and HOFF, JJ.

### ORDER

PER CURIAM.

This appeal involves mechanic's liens filed by respondents[1] on property commonly known as 6558 Dolphin Circle, St. Louis, Missouri (the property), which is owned by Village at Paddock Lake, L.P. (Village). Two K is Village's general partner. George M. Moellering (Moellering) was Village's general contractor, d/b/a MGM Construction Company.

The trial court entered judgments in favor of respondents and against Moellering and granted respondents mechanic's liens against the property owned by Village. Village and Two K appeal the entry of mechanic's liens in favor of respondents. Moellering does not appeal.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An opinion would have no precedential

---

1. The following parties are Plaintiffs–Respondents: B & R Lumber and Truss Company, Hill Behan Lumber Company, Plumbing Planning Corporation, Gateway Ready–Mix, Archway Kitchen & Bath, Inc., Michael T. Bruner and Scott–Lee Heating Company.

value. We affirm the judgment pursuant to Rule 84.16(b).

have no precedential value. We affirm by written order pursuant to Rule 84.16(b).